# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARK MOSLEY,**

    **Plaintiff,**　　　　　　　　　　**Case No.:**

v.

**FRITO-LAY, INC.,**
a Foreign for Profit Corporation,

    **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff MARK MOSLEY (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant FRITO-LAY, INC. (hereinafter Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination based on disability pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"), as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff was hired by Defendant on or about March 21, 2016, as a Material Handler.

5. Plaintiff was employed with Defendant in Orlando, Florida.

6. Defendant is a Foreign for Profit Corporation which operates a business manufacturing, marketing, and selling snacks and similar goods in Orlando, Florida.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

9. Plaintiff was an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

11. Plaintiff was an "employee" as defined by the ADAAA.

12. Defendant is an "employer" as defined by the ADAAA.

## **ADAAA STATUTORY PREREQUISITES**

13. Plaintiff suffers from hypertension, a disabling medical condition.

14. Plaintiff was discriminated against based on his disability.

15. As such, Plaintiff is a member of a class of individuals protected by the ADAAA.

16. At all times material to the allegations herein, Plaintiff was qualified for his Material Handler position with Defendant.

17. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

18. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

19. Plaintiff timely filed his Charge of Discrimination with the EEOC on September 10, 2020.

20. The EEOC issued a Dismissal and Notice of Rights on May 4, 2021.

21. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

22. Accordingly, Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTS

23. Plaintiff began his employment with Defendant on or around March 21, 2016, as a Material Handler and remained in that position until his termination.

24. At all times material, Plaintiff performed well while working for the Defendant.

25. Plaintiff was employed with Defendant for more than one (1) calendar year leading up to December 2019.

26. Plaintiff worked 1,250 hours for Defendant during the year immediately preceding December 2019.

27. At all times material, Plaintiff suffered from severe hypertension which is disabling condition under the ADAAA.

28. Hypertension is a condition in which the force of the blood against the artery walls is too high.

29. As such, suffering from hypertension is a serious health condition.

30. Plaintiff was scheduled and approved for vacation to St. Louis, MS, from December 9-12, 2019.

31. Between the dates of December 13, 2019 through December 21, 2019, Plaintiff was only scheduled to work on December 15, 2019.

32. Plaintiff was scheduled and approved for time off on December 16, 2019; bereavement leave due to a death in his family from December 17-19,

2019; and, the remaining days were dates in which Plaintiff was regularly off the work schedule.

33. Plaintiff properly contacted Defendant through its telephonic system and "called-off" on December 15, 2019, pursuant to Defendant's policies and procedures.

34. Plaintiff began feeling ill and properly "called-off" from December 22 -26, 2019.

35. On December 26, 2019, Plaintiff advised Defendant's Business Unit Leader that he was still ill and would be seeking medical attention if his condition did not improve.

36. December 27-28, 2019 were dates in which Plaintiff was already off the work schedule.

37. Plaintiff's symptoms continued to worsen and on December 29, 2019, Plaintiff presented to an emergency care center to seek medical treatment.

38. During his emergency care visit, Plaintiff was diagnosed with a sinus infection and informed to consult a primary care physician regarding his hypertension.

39. The earliest available appointment Plaintiff was able to obtain was on January 6, 2020.

40. Plaintiff was referred to undergo lab exams and to return for further evaluation on January 24, 2020.

41. Defendant was aware that Plaintiff had been seeking medical attention for his disability; however, Defendant did not advise Plaintiff of his rights under the FMLA.

42. Indeed, Plaintiff assumed his medical leave was approved and all was well as he followed Company policy related to calling out sick.

43. However, on January 9, 2020, Plaintiff received a letter from Defendant placing him on suspension for alleged violations of the Company's attendance policy.

44. The January 9th correspondence also instructed Plaintiff to provide further information regarding his medical-related absences.

45. Plaintiff timely provided the requested information to Defendant and Defendant's benefits carrier, Sedgwick.

46. In addition, Plaintiff requested FMLA, extended medical leave and short-term disability benefits.

47. Defendant denied Plaintiff's request for FMLA and Short Term Disability Benefits.

48. Similarly situated non-disabled employees had previously been granted extended time off .

49. Defendant discriminated against Plaintiff on the basis of his disability or perceived disability.

50. Defendant interfered with Plaintiff's rights under the FMLA.

51. On March 10, 2020, Defendant issued a letter advising Plaintiff that, given his FMLA and Short Term Disability had been denied, his termination was effective January 9, 2020.

52. Plaintiff appealed his termination pursuant to the Defendant's policies and procedures.

53. Plaintiff presented further documentation of his ongoing medical treatment.

54. Plaintiff's additional documentation from his physician further recommended that, if allowed, Plaintiff could return to work with the reasonable accommodation of not operating the forklift vehicle.

55. Defendant denied Plaintiff this accommodation.

56. Defendant denied Plaintiff's appeal of his termination.

57. Prior to applying for necessary FMLA leave, Plaintiff had no performance related issues while working for the Defendant.

58. Accordingly, Defendant's actions are *direct* evidence of bias against Plaintiff for utilizing his FMLA rights.

59. Defendant's actions interfered with Plaintiff's rights under the FMLA.

60. Defendant retaliated against Plaintiff for engaging in his rights under the FMLA.

## COUNT I
## INTERFERENCE UNDER THE FMLA

61. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 23-26, 30-47, 50-53, and 59-59 above as if fully set forth herein.

62. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

63. Defendant was Plaintiff's employer as defined by the FMLA.

64. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

65. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

67. Defendant's violations of the FMLA were willful.

68. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

69. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 23-26, 30-47, 50-53, and 56-60 above as if fully set forth herein.

70. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

71. Defendant was Plaintiff's employer as defined by the FMLA.

72. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

73. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

74. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

75. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

76. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

77. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

78. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

80. Defendant's violations of the FMLA were willful.

81. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

82. Plaintiff re-alleges and adopts the allegations of paragraphs 1-6, 11-24, 27-44, 48-49, and 52-56 above as if fully set forth herein.

83. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

84. Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

⚠

85. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

86. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

87. Plaintiff is protected by the ADAAA:

   a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

88. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

89. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

90. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

91. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

92. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

93. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

94. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

95. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

96. Plaintiff was disabled individuals, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

97. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

98. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

99. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

100. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

101. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

102. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 29th day of July, 2021.

*/s/ Anthony J. Hall*
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924
**THE LEACH FIRM**
631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

*Counsel for Plaintiff*